DANIEL SULLIVAN

*v.*

GEORGE L. STEPHENSON *et al.*

1. CITY ORDINANCE OF ONEIDA, *to suppress the sale of liquor—validity of* The charter of the city of Oneida, in Knox County, empowers the city council to declare the selling, giving away, or the keeping on hand for sale of any spirituous or intoxicating liquors, etc., within the city, a nuisance. An ordinance of said city which authorized a search of dwelling-houses, etc., and the seizure of all liquors when found in a greater quantity than one gallon, etc., whether the intention was to sell them in the city, or ship them and sell elsewhere, was held to be void.

2. SAME—*replevin—whether it will lie.* So, where liquors were seized by virtue of such ordinance, in was *held,* that an action of replevin could be maintained for their recovery.

APPEAL from the Circuit Court of Knox County.

This was an action of replevin commenced by Sullivan at the February term, 1869, of the court below, to recover five barrels of whisky, forty-two gallons to the barrel, of the value of $500.

The declaration contained two counts. The first count alleged that the defendants took the property in question, and the second, that they detained the same.

February 15, 1870, by leave of the court the plaintiff filed an amended declaration containing two counts, the first count alleging that defendants wrongfully took said property, and the second, that they detained the same.

February 9, 1870, to the original declaration defendants filed pleas, numbered one, two, and three, to each of which pleas the plaintiff filed general and special demurrers, which pleas were afterward withdrawn.

On February 16, 1870, the defendants filed to the amended declaration the following pleas, numbered four and five:

4. And the said defendant, by Smith, Frost, and Tunnicliff, their attorneys, come and defend the wrong and injury, and say that they did not take the goods and chattels in the said declaration mentioned, or any or either of them, or any part thereof, and unlawfully take or detain the same in manner and form as the said plaintiff in his declaration has alleged against them, and of this they put themselves upon the country, etc.

5. And for a further plea in this behalf, defendants say, *actio non,* because they say that at the time, when, etc., the defendant, George L. Stephenson, was marshal of the city of Oneida, in said county of Knox, and that, on the 22d day of December, A. D., 1869, at said city of Oneida, in said county of Knox, a warrant was duly issued by one James A. Pratt, by the name and style of J. A. Pratt, then being police magistrate of said city of Oneida (having full authority to issue the warrant aforesaid, and to issue warrants and try offenses

in all cases of violation of the ordinances of said city), in pursuance of the charter of said city, created by the laws of the State of Illinois, being an act passed March 4, A. D., 1869, approved that day, of said legislature of Illinois, and ordinances of said city, and in especial pursuance of section 22d of article 5th of said charter, and in pursuance of sections one, three, four, and five of an ordinance of said city of Oneida, entitled "An ordinance regulating the sale of intoxicating liquors in the city of Oneida," which section of said charter is in substance and effect as follows:

SEC. 22. The city council shall have power to declare the selling, giving away, or the keeping on hand for sale, of any spirituous or intoxicating liquors, ale, or beer, or any kind of fermented liquors, within the said city, a nuisance, and may provide, by ordinance, for summarily abating and suppressing the same; and on information under oath that any person within the limits of said city is guilty of selling or keeping on hand for sale such liquors, or beer, or ale, the police magistrate of said city shall issue a warrant, directed to the city marshal, or any constable of the county of Knox, commanding him in the day-time to search the premises of such person or persons suspected of selling liquors or beer in violation of this section, or the ordinances passed in pursuance thereof; and in case the said marshal or constable shall find such liquor or beer in a greater quantity than one gallon, shall seize and forthwith take the same before the magistrate issuing the said warrant, to be disposed of as the city council, by ordinance, shall determine.

The possession of such intoxicating liquors, ale, or beer in a greater quantity than one gallon, by any person in said city, except druggists, shall be *prima facie* evidence of unlawful intent, and unless satisfactorily explained, shall be held sufficient evidence of selling and keeping on hand for sale, such liquors, ale, or beer, in violation of this act and the ordinance passed in pursuance thereof.

And which said sections one, three, four, and five of the aforesaid ordinance, entitled " An ordinance regulating the sale of intoxicating liquors in the city of Oneida," are in substance and effect as follows:

" An ordinance regulating the sale of intoxicating liquors in the city of Oneida."

SEC. 1. Be it ordained, by the city council of the city of Oneida, that any person who shall sell, barter, or exchange any spirituous, vinous, malt, fermented, mixed, or intoxicating liquors, strong beer, lager beer, or ale, either by himself or herself or by herself or his agent or her agent, or otherwise, within the corporation limits of the city of Oneida, and each and every person knowingly aiding or assisting therein as agent, servant, clerk, or otherwise, shall be adjudged guilty of a nuisance, and upon conviction thereof, shall be fined in any sum not less than five dollars nor more than fifty dollars for each offense.

SEC. 3. If any person shall within the city keep on hand for sale any spirituous, vinous, malt, or intoxicating liquors, ale, strong beer or lager beer, he shall be adjudged guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than ten dollars nor more than one hundred dollars.

SEC. 4. Whenever complaint on oath shall be made before the police magistrate that any person within the city has in his or her or their possession any intoxicating liquors, ale, or beer, for the purpose of sale, the police magistrate shall forthwith issue a warrant, directed to the city marshal or constable, in the daytime to search the dwelling-house, out-house, barn, shop, or shed of the person so charged with a violation of this ordinance; and if the said city marshal or constable, having said warrant to execute, should find on the premises of the person so charged any intoxicating liquor, ale, or beer in a greater quantity than one gallon, he shall seize the same, and also take into custody the person so charged with violating this ordinance, and bring him, together with such liquor, ale, or beer, before the court issuing said warrant. Thereupon the said

court shall immediately proceed to try the person so arrested, unless there should be good cause shown for delay ; and if he should not offer to said court a satisfactory explanation, and should not show to the court that such liquor, ale, or beer was upon the premises for a lawful purpose and not for sale : Then said court may hold him guilty of maintaining a nuisance within the city, and fine him in a sum not less than fifty nor more than one hundred dollars, and the said court may order that he stand committed to the jail of Knox County, or the city prison, until said fine and the costs of the proceedings are paid.  The liquor, ale, or beer seized as aforesaid, may be sold as other property on execution, and the proceeds of the sale thereof applied in payment of the fines and costs of the proceedings.

SEC. 5.  Whenever any person shall complain on oath before any police magistrate or justice of the peace, of the city of Oneida, that he or she has reason to believe and does believe that any person has been guilty of violating either of the foregoing sections of this ordinance, it shall be lawful for the said magistrate or justice of the peace to issue a warrant for such person or persons so charged with violating the foregoing ordinances, directed to the city marshal, or any constable of the county of Knox and the State of Illinois, commanding him forthwith to bring such person or persons before such magistrate or justice to be dealt with according to law.

Which warrant so issued by said James A. Pratt, said police magistrate of said city, was by him delivered to said defendant, George L. Stephenson, to execute, and was issued upon the complaint of Nathan Coleman, upon oath, and was directed to the marshal of said city, or any constable thereof, to execute, which complaint on oath, and said warrant are severally in substance and effect as follows:

## COMPLAINT.

STATE OF ILLINOIS, }
      COUNTY OF KNOX,   } ss:

Nathan Coleman, of the city of Oneida, in the county of

Knox and State aforesaid, after being duly sworn, says that one Daniel Sullivan, a resident of the city of Oneida, has on hand, for the purpose of sale, within said city, a large quantity of intoxicating liquors, viz: whisky, brandy, rum, and gin, and that the said Daniel Sullivan has been guilty of selling and giving away said liquors within and during the six months last past, in violation of the charter of the said city of Oneida, and the ordinances passed by the city council of said city, in pursuance of said charter; and he prays the court that a warrant be issued by the police magistrate of said city, commanding the city marshal to search the dwelling-house of the said Sullivan and his out-houses situated thereon, in pursuance of section 22 of article 5 of the charter of said city, and that he may be dealt with as the law directs.

(signed)          N. COLEMAN.

Subscribed and sworn to before me this 22d day of December, 1869.

(signed)          J. A. PRATT, P. M.

## WARRANT.

STATE OF ILLINOIS,
  COUNTY OF KNOX, CITY OF ONEIDA, } ss:

The people of the State of Illinois, to the marshal of said city or any constable thereof, greeting:

Whereas, Nathan Coleman hath this day made complaint, on oath, before J. A. Pratt, a police magistrate of said city aforesaid, that one Daniel Sullivan, a resident of said city of Oneida, has on hand, for the purpose of sale within said city, a large quantity of intoxicating liquors, viz: whisky, brandy, rum, and gin, and that the said Daniel Sullivan has been guilty of selling and giving away said liquors within and during the six months last past, in violation of the charter of the said city of Oneida, and the ordinances passed by the city council of said city in pursuance of said charter.

We therefore command you, in pursuance of section 22 of article 5 of the charter of said city, that, with necessary and proper assistance, you enter, in the day time, into the said dwelling-house of the said Sullivan, and his out-houses situated on his premises, and there diligently search for the said spirituous liquors, and if any shall be found upon such search, in quantities over one gallon, that you bring the said liquors before the said police magistrate, to be disposed of according to law.   Hereof fail not.   In witness hereof, the said police magistrate has hereunto set his hand and seal at the city of Oneida, this 22nd day of December, 1869.

(signed)        J. A. PRATT, [SEAL.]

*Police Magistrate.*

And in case you find on the premises of the said Sullivan intoxicating liquors, ale, or beer, in a greater quantity than one gallon, you will take into your custody the said Daniel Sullivan, and forthwith bring him before me, to be dealt with according to law.

(signed)        J. A. PRATT, [L. s.]

*Police Magistrate.*

And said defendants say that, on said 22d day of December, A. D., 1869, at said city of Oneida, at said county of Knox, said warrant and written directions, issued under the hand and seal of said police magistrate, was by him delivered to said defendant, said George L. Stephenson, then being marshal of said city, to execute, and that by virtue of such warrant and written authority of said police magistrate, the same then and there being in full force and effect, said defendant, George L. Stephenson, as marshal of said city of Oneida, did, on said 22d day of December, A. D., 1869, at said city, and while said warrant was in full force and effect, and by virtue thereof, take the said goods and chattels in said declaration mentioned, being then and there found on the premises of said plaintiff, in said city of Oneida, and did levy upon the same, and did seize or take into custody the same, as the property of Daniel Sullivan,

by virtue of said warrant and writ aforesaid, and by virtue of said process, still remaining in full force and effect, and also arrest said Daniel Sullivan, and did bring said Daniel Sullivan and said liquors and personal property aforesaid, consisting of intoxicating liquors, before said police magistrate, to be dealt with according to law, and did lawfully hold the same by virtue of said writ and process, still remaining in full force and effect, and did lawfully hold said intoxicating liquors and personal property by virtue of said writ and process, as he lawfully might for the cause aforesaid; and while so holding said property to be dealt with according to law, and while said warrant remained in full force and effect, said plaintiff replevied the same by writ of replevin issued in this suit. Said suit aforesaid, before said police magistrate, being then and there still pending and undetermined.

Said property and liquor being the same goods and chattels in the declaration mentioned, and being subject to seizure by said defendant, George L. Stephenson, as said marshal, under the writ and authority aforesaid, said property being then the property at the time of such seizure by said defendant, said marshal, of said plaintiff and liable to such seizure, being then and there held in said city of Oneida by said plaintiff, and on his premises, for the purpose of sale of said liquor, and for the purpose charged in said complaint, on oath, upon which said warrant was issued; and said defendants further say that the defendants, Nathan Coleman and Thomas Huston, acted in the aid and at the request of said defendant, Stephenson, said marshal, in taking and detaining said property while he was acting under and by virtue of said writ and warrant in taking and detaining said property as aforesaid, as they lawfully might for the cause aforesaid, which is the same taking and unlawfully detaining, which property was the same goods and chattels, as in said declaration mentioned, and no other; and this the defendants are ready to verify, wherefore they pray judgment, etc.

To said pleas four and five, on February 17, 1870, plaintiff filed a general demurrer, which was several to each plea.

Afterward defendants withdrew their fourth plea from the files, and the court overruled the demurrer to the fifth plea, and the plaintiff stood by his demurrer and objected and excepted to the ruling of the court.

The cause then went off the docket, and remained off until the December special term, A. D. 1870, when it was redocketed at the instance of the defendants, and a motion made by defendants to correct the record, no notice having been given to the plaintiff.

The motion was continued till the February term, 1871, when it was withdrawn, and a motion was entered for final judgment on the fifth plea, which motion the court granted, and entered judgment on said fifth plea for the defendants and against the plaintiff. The plaintiff excepted to the ruling of the court, and to reverse the judgment brings the record to this court.

Messrs. CRAIG & HARVEY, for the appellant.

Messrs. WILLOUGHBY & GRANT, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The ordinance, by virtue of which the property of appellant was seized by the officer, has been pronounced invalid in the opinion in the case of *Sullivan* v. *The City of Oneida,* 60 Ill. 242.

Appellant, therefore, had the right to recover in his action of replevin.

The judgment is reversed and the cause remanded.

*Judgment reversed.*